**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **POLYMER SOLVENTS, LLC,**<br><br>  Plaintiff,<br><br>  v.<br><br>**PPG INDUSTRIES, INC. and BASF CORPORATION,**<br><br>  Defendants. | Civil Action No. 2-07CV-049 DF<br><br>**JURY TRIAL DEMANDED** |

**PPG Industries, Inc.'s Answer, Defenses, and
Counterclaims in Response to Plaintiff's Complaint**

PPG Industries, Inc. ("PPG") responds to the allegations in the Complaint by Plaintiff Polymer Solvents, LLC with this pleading.

## ANSWER

Each of the paragraphs numbered 1-15 below corresponds to those paragraphs numbered 1-15 in Plaintiff's Complaint. PPG denies all allegations made in the Complaint, whether express or implied that are not specifically admitted below.

### The Parties

1. PPG is without knowledge or information sufficient to admit or deny the allegations in paragraph 1, and on that basis, PPG denies all such allegations.

2. PPG admits that it is a corporation having its corporate headquarters in Pittsburgh, Pennsylvania and that it is incorporated under the laws of the Commonwealth of Pennsylvania. PPG also admits that it conducts business in this judicial district and that one of its registered

1

agents for service of process is Prentice Hall Corp. System, located at 701 Brazos Street, Austin, Texas.

3. PPG is without knowledge or information sufficient to admit or deny the allegations in paragraph 3, and on that basis, PPG denies all such allegations.

4. PPG admits that Plaintiff's Complaint purports to allege infringement claims that "aris[e] under the provisions of the Patent Laws of the United States of America, Title 35, United States Code."

5. For purposes of this action, PPG admits that subject matter jurisdiction is proper in this Court but denies that Plaintiff has a valid claim against PPG.

6. PPG admits that it conducts business in the State of Texas and within the Eastern District of Texas, but otherwise denies all other allegations in paragraph 6 as to PPG's conduct. PPG is without knowledge or information sufficient to admit or deny the allegations in paragraph 6 with respect to the conduct of co-defendant BASF Corporation ("BASF"), and on that basis, PPG denies all allegations in paragraph 6 that are directed to BASF.

7. Plaintiff has failed to specify any compositions of PPG that it alleges infringe any of its patents, and on that basis, PPG denies all of the allegations in Paragraph 7 as to PPG's conduct. PPG is without knowledge or information sufficient to admit or deny the allegations in paragraph 7 with respect to BASF's conduct, and on that basis, PPG denies all allegations in paragraph 7 that are directed to BASF.

8. For purposes of this action, PPG does not contest that the Court has personal jurisdiction over it. PPG denies that it has committed any actionable acts of patent infringement in this judicial district. PPG admits that it conducts business in this judicial district. PPG is without knowledge or information sufficient to admit or deny the allegations in paragraph 8 with

respect to BASF's conduct, and on that basis, PPG denies all allegations in paragraph 8 that are directed to BASF.

9. For purposes of this action, PPG does not contest that venue is proper in this judicial district under 28 U.S.C. §§ 1391 or 1400. However, PPG denies that venue would be proper based on any allegation that it has committed any actionable acts of patent infringement in this judicial district.

## Alleged Patent Infringement

10. PPG admits that U.S. Patent No. 6,048,471 has an issue date of April 11, 2000, is titled "Zero Volatile Organic Compound Compositions Based Upon Organic Solvents Which Are Negligibly Reactive With Hydroxyl Radical And Do Not Contribute Appreciably To The Formation Of Ground Based Ozone," and names a Richard Henry as an inventor. PPG is without knowledge or information sufficient to admit or deny the remaining allegations in paragraph 10, and on that basis, PPG denies all such allegations.

11. PPG admits that U.S. Patent No. 6,306,943 has an issue date of October 23, 2001, is titled "Zero Volitile [sic] Organic Solvent Compositions," and names a Richard Henry as an inventor. PPG further admits that the application leading to the issuance of U.S. Patent No. 6,306,943 was a "continuation in part" of the application that issued as U.S. Patent No. 6,048,471. PPG is without knowledge or information sufficient to admit or deny the remaining allegations in paragraph 11, and on that basis, PPG denies all such allegations.

12. PPG denies all allegations in paragraph 12.

13. PPG is without knowledge or information sufficient to admit or deny the allegations in paragraph 13, and on that basis, PPG denies all such allegations.

14. PPG denies that it has caused any damage to Plaintiff as a result of its conduct, and therefore denies all allegations in paragraph 14 as to PPG's conduct. PPG is without

knowledge or information sufficient to admit or deny the allegations in paragraph 14 with respect to BASF's conduct, and on that basis, PPG denies all allegations in paragraph 14 that are directed to BASF.

15.   PPG denies that it has caused any irreparable damage to Plaintiff as a result of its conduct, and denies that Plaintiff is entitled to any injunctive relief from the Court in this action, and therefore denies all allegations in paragraph 15 with respect to PPG's conduct.  PPG is without knowledge or information sufficient to admit or deny the allegations in paragraph 15 with respect to BASF's conduct, and on that basis, PPG denies all allegations in paragraph 15 that are directed to BASF.

**Prayer For Relief**

PPG denies all of the allegations contained in paragraph A-H in Plaintiff's Prayer For Relief.

**DEFENSES**

PPG, for its Defenses, pleads:

**First Affirmative Defense**
(Failure To State Claim)

Plaintiff's Complaint fails to state a claim against PPG upon which relief can be granted.

**Second Affirmative Defense**
(Invalidity of U.S. Pat. No. 6,306,943)

Each asserted claim of U.S. Pat. No. 6,306,943 is invalid for failure to comply with one or more of the requirements of United States Code, Title, 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

**Third Affirmative Defense**

(Non-Infringement of U.S. Pat. No. 6,306,943)

PPG has not and does not infringe any valid and enforceable claim of U.S. Pat. No. 6,306,943 under any subsection of 35 U.S.C. §271.

**Fourth Affirmative Defense**

(Unenforceability of U.S. Pat. No. 6,306,943)

The claims of U.S. Pat. No. 6,306,943 ("the '943 patent") are unenforceable as a result of inequitable conduct by the applicant, his attorney(s), their agent(s), representative(s), and/or the person(s) involved in the preparation and/or prosecution of that patent. PPG alleges that the inequitable conduct comprised intentional misrepresentations and/or omissions including without limitation, the following:

(a)     The sworn statement signed by the applicant on February 25, 2000 in connection with the prosecution of the '943 patent stated in pertinent part:

> I believe I am an original, first, and sole inventor of the subject matter which is claimed and for which a patent is sought on the invention entitled: ZERO VOLITILE [sic] ORGANIC SOLVENT COMPOSITIONS the specification of which is being filed with the U.S. Patent and Trademark Office herewith.
>  ...
> I acknowledge the duty to disclose information which is material to the examination of this application in accordance with Title 37 Code of Federal Regulations §1.56(a).

(b)     On or about March 24, 1998, the applicant, his attorney(s), their agent(s), representative(s), and/or the person(s) involved in the preparation and/or prosecution of the'943 patent filed an International PCT application having International Application No. PCT/US98/05937, which claims priority to U.S. Appln. No. 09/022,779 dated February 12, 1998, U.S. provisional application 60/053,073 dated July 18, 1997, and U.S. provisional application 60/041,510 dated March 24, 1997. The first two applications are identified under the heading *Related U.S. Application Data* on the front page of the '943 patent. The International

5

PCT Application was published on or about October 1, 1998 with an International Publication No. WO 98/42774 ("Related PCT International Publication") and is closely related to the subject matter described in the '943 patent.

(c) Indeed, the application leading to the issuance of the '943 patent, U.S. Appln. No. 09/515,948 is a continuation-in-part application from U.S. Appln. 09/022,779, which is part of the Related PCT International Publication.

(d) Because the Related PCT International Publication was published more than one year prior to the filing of the continuation-in-part application leading to the issuance of the '943 patent, it constitutes prior art under 35 U.S.C. §102 with respect to the new subject matter that was included in that application.

(e) The Related PCT International Publication was not cited during prosecution of the application leading to the issuance of the '943 patent.

(f) The Related PCT International Publication, taken individually and/or in combination with other information, was material to the patentability of the pending claims in the application leading to the '943 patent, and thus, under 37 C.F.R. §1.56, was required to be brought to the examiner's attention during prosecution of the '943 patent. Yet, the prosecution history demonstrates that this publication was withheld and/or concealed from the patent examiner, even though the references cited in the search report that published along with Related PCT International Publication were made of record during prosecution of the '943 patent.

(g) In addition, during prosecution of the '943 patent, the applicant, his attorney(s), their agent(s), representative(s), and/or person(s) involved in the preparation and/or prosecution of that patent knew of at least the following prior art publications:

   1. JP 05-170809, Japanese Abstract dated July 9, 1993 by Tosoh Corporation;
   2. GB 1203045, British Patent dated August 26, 1970 by Magnaflux Corporation;

6

    3. JP 08-302316, Japanese Abstract dated November 19, 1996 by Tosoh Corporation;

    4. U.S. Pat. No. 4,492,784 dated January 1985 by Harold D. Boultinghouse;

    5. JP 55-149336, Japanese Abstract dated November 20, 1980 by Asahi glass Co. Ltd.;

    6. U.S. Pat. No. 5,244,507 dated September 14, 1993 by Edward A. Rowe;

    7. U.S. Pat. No. 5,081,177 dated January 14, 1992 by Shin Hyunkook;

    8. WO 97/33016, International Publication dated September 12, 1997 by DuPont; and

    9. Excerpts from a Book entitled "Solvents" by T.H. Durrans dated 1971 and published by Chapman and Hall Ltd., London.

    (h) All of the references of paragraph (g) were cited on a European Search Report ("European Search Report") dated November 16, 2000 in connection with European patent application having European Application No. EP 98915169.1. This European patent application claims priority to the International PCT application having International Application No. PCT/US98/05937, referenced above. All of the references of paragraph (g) were categorized as X references on the European Search Report, and that designation, as it explicitly states on the European Search Report, means that the references are "particularly relevant if taken alone."

    (i) On information and belief, the European Patent Office transmitted this report in a communication dated December 12, 2000, which is months before the applicant, his attorney(s), their agent(s), representative(s), and/or person(s) even received the First Office Action dated April 12, 2001 relating to the prosecution of the '943 patent.

    (j) The references of paragraph (g), taken individually and/or in combination with other information, were material to the patentability of the pending claims in the application leading to the '943 patent, and thus, under 37 C.F.R. §1.56, were required to be brought to the examiner's attention during prosecution of the '943 patent. Indeed, 37 C.F.R. §1.56 states in

part, "The Office encourages applicants to carefully examine: (1) prior art search reports cited in a foreign patent office in a counterpart application." Yet, the prosecution history demonstrates that with the exception of references numbered 3 and 6 in paragraph (g), the references were withheld and/or concealed from the patent examiner.

### Fifth Affirmative Defense
(Claims Barred)

Plaintiff's claims are barred in whole or in part based on prosecution history estoppel and/or prosecution history disclaimer.

### Sixth Affirmative Defense
(Costs Barred)

Plaintiff is barred by 35 U.S.C. §288 from recovering costs associated with its action.

### Additional Defenses Reserved
(Defenses Based on Later Discovered Evidence)

PPG reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses at law or in equity that may exist now or that may be available in the future based on discovery and further factual investigation in this action.

### **COUNTERCLAIMS**

For its Counterclaims against Polymer Solvents, LLC ("Polymer Solvents"), PPG Industries, Inc. ("PPG") pleads:

1.      PPG Industries, Inc. ("PPG") restates and realleges all of the statements set forth in paragraphs 1-15, above, and restates and realleges all of its Defenses. This is an action by defendant and counter-claimant PPG pursuant to Rule 13 of the Federal Rules of Civil Procedure for declarations of non-infringement, invalidity, and unenforceability of U.S. Pat. No. 6,306,943 ("the '943 patent"). For its counterclaims against Polymer Solvents, PPG alleges,

based upon personal knowledge as to all acts or events that it has undertaken or witnessed, and upon information and belief as to all others, as follows:

## Jurisdiction and Venue

2.      These counterclaims seek declaratory and injunctive relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  The Court on these bases, has subject matter jurisdiction of such claims pursuant to 28 U.S.C. §§ 1331 and 1338 as these counterclaims arise under the patent laws of the United States, set forth at Title 35 U.S.C.

3.      United States Patent No. 6,306,943 ("the '943 patent") was issued by the United States Patent and Trademark Office on October 23, 2001.  Polymer Solvents, LLC, based on averments in its Complaint, claims to be the owner of all right, title and interest in and to the '943 patent, and claims without specificity that PPG has infringed that patent.

4.      Personal jurisdiction exists over plaintiff and counter-defendant Polymer Solvents because Polymer Solvents has submitted itself to the jurisdiction of this Court by filing its Complaint against PPG and BASF.

5.      Venue is proper in this District pursuant to 28 U.S.C. §1391.

## The Parties

6.      Counter-claimant PPG is a corporation organized under the laws of the Commonwealth of Pennsylvania and has its corporate headquarters at One PPG Place, Pittsburgh, Pennsylvania.

7.      Counter-defendant Polymer Solvents, based on its statement in its Complaint, is a corporation organized under the laws of the State of Ohio and has its principal place of business at 26945 Amherst Circle, Beachwood, Ohio 44120.

**First Counterclaim**

(Declaratory Judgment of Non-Infringement of the '943 Patent)

8. Based on Polymer Solvent's filing of this suit and PPG's Answer and Defenses, an actual controversy has arisen and now exists between PPG and Polymer Solvents as to whether PPG infringes the '943 patent under any subsection of 35 U.S.C. §271.

9. PPG has not and does not infringe any valid and enforceable claim of the '943 patent under any subsection of 35 U.S.C. §271.

10. Consequently, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, PPG is entitled to a declaration from the Court that PPG has not and does not infringe any valid and enforceable claim of U.S. Pat. No. 6,306,943 under any subsection of 35 U.S.C. §271.

**Second Counterclaim**

(Declaratory Judgment of Invalidity of the '943 Patent)

11. Based on Polymer Solvent's filing of this suit and PPG's Answer and Defenses, an actual controversy has arisen and now exists between PPG and Polymer Solvents as to the validity of the '943 patent.

12. Each asserted claim of the '943 patent is invalid for failure to comply with one or more of the requirements of United States Code, Title, 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

13. Consequently, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, PPG is entitled to a declaration from the Court that all claims of U.S. Pat. No. 6,306,943 are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

**Third Counterclaim**

(Declaratory Judgment of Unenforceability of the '943 Patent)

14. Based on Polymer Solvent's filing of this suit and PPG's Answer and Defenses, an actual controversy has arisen and now exists between PPG and Polymer Solvents as to the enforceability of the '943 patent.

15. The claims of U.S. Pat. No. 6,306,943 ("the '943 patent") are unenforceable as a result of inequitable conduct by the applicant, his attorney(s), their agent(s), representative(s), and/or the person(s) involved in the preparation and/or prosecution of that patent. PPG alleges that the inequitable conduct comprised intentional misrepresentations and/or omissions including without limitation, the following:

(a) The sworn statement signed by the applicant on February 25, 2000 in connection with the prosecution of the '943 patent stated in pertinent part:

> I believe I am an original, first, and sole inventor of the subject matter which is claimed and for which a patent is sought on the invention entitled: ZERO VOLITILE [sic] ORGANIC SOLVENT COMPOSITIONS the specification of which is being filed with the U.S. Patent and Trademark Office herewith.
>   ...
> I acknowledge the duty to disclose information which is material to the examination of this application in accordance with Title 37 Code of Federal Regulations §1.56(a).

(b) On or about March 24, 1998, the applicant, his attorney(s), their agent(s), representative(s), and/or the person(s) involved in the preparation and/or prosecution of the '943 patent filed an International PCT application having International Application No. PCT/US98/05937, which claims priority to U.S. Appln. No. 09/022,779 dated February 12, 1998, U.S. provisional application 60/053,073 dated July 18, 1997, and U.S. provisional application 60/041,510 dated March 24, 1997. The first two applications are identified under the heading *Related U.S. Application Data* on the front page of the '943 patent. The International

11

PCT Application was published on or about October 1, 1998 with an International Publication No. WO 98/42774 ("Related PCT International Publication") and is closely related to the subject matter described in the '943 patent.

(c) Indeed, the application leading to the issuance of the '943 patent, U.S. Appln. No. 09/515,948 is a continuation-in-part application from U.S. Appln. 09/022,779, which is part of the Related PCT International Publication.

(d) Because the Related PCT International Publication was published more than one year prior to the filing of the continuation-in-part application leading to the issuance of the '943 patent, it constitutes prior art under 35 U.S.C. §102 with respect to the new subject matter that was included in that application.

(e) The Related PCT International Publication was not cited during prosecution of the application leading to the issuance of the '943 patent.

(f) The Related PCT International Publication, taken individually and/or in combination with other information, was material to the patentability of the pending claims in the application leading to the '943 patent, and thus, under 37 C.F.R. §1.56, was required to be brought to the examiner's attention during prosecution of the '943 patent. Yet, the prosecution history demonstrates that this publication was withheld and/or concealed from the patent examiner, even though the references cited in the search report that published along with Related PCT International Publication were made of record during prosecution of the '943 patent.

(g) In addition, during prosecution of the '943 patent, the applicant, his attorney(s), their agent(s), representative(s), and/or person(s) involved in the preparation and/or prosecution of that patent knew of at least the following prior art publications:

   1. JP 05-170809, Japanese Abstract dated July 9, 1993 by Tosoh Corporation;
   2. GB 1203045, British Patent dated August 26, 1970 by Magnaflux Corporation;

12

      3.   JP 08-302316, Japanese Abstract dated November 19, 1996 by Tosoh Corporation;

      4.   U.S. Pat. No. 4,492,784 dated January 1985 by Harold D. Boultinghouse;

      5.   JP 55-149336, Japanese Abstract dated November 20, 1980 by Asahi glass Co. Ltd.;

      6.   U.S. Pat. No. 5,244,507 dated September 14, 1993 by Edward A. Rowe;

      7.   U.S. Pat. No. 5,081,177 dated January 14, 1992 by Shin Hyunkook;

      8.   WO 97/33016, International Publication dated September 12, 1997 by DuPont; and

      9.   Excerpts from a Book entitled "Solvents" by T.H. Durrans dated 1971 and published by Chapman and Hall Ltd., London.

      (h)      All of the references of paragraph (g) were cited on a European Search Report ("European Search Report") dated November 16, 2000 in connection with European patent application having European Application No. EP 98915169.1. This European patent application claims priority to the International PCT application having International Application No. PCT/US98/05937, referenced above. All of the references of paragraph (g) were categorized as X references on the European Search Report, and that designation, as it explicitly states on the European Search Report, means that the references are "particularly relevant if taken alone."

      (i)      On information and belief, the European Patent Office transmitted this report in a communication dated December 12, 2000, which is months before the applicant, his attorney(s), their agent(s), representative(s), and/or person(s) even received the First Office Action dated April 12, 2001 relating to the prosecution of the '943 patent.

      (j)      The references of paragraph (g), taken individually and/or in combination with other information, were material to the patentability of the pending claims in the application leading to the '943 patent, and thus, under 37 C.F.R. §1.56, were required to be brought to the examiner's attention during prosecution of the '943 patent. Indeed, 37 C.F.R. §1.56 states in

13

part, "The Office encourages applicants to carefully examine: (1) prior art search reports cited in a foreign patent office in a counterpart application." Yet, the prosecution history demonstrates that with the exception of references numbered 3 and 6 in paragraph (g), the references were withheld and/or concealed from the patent examiner.

   16. Consequently, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, PPG is entitled to a declaration from the Court that all claims of U.S. Pat. No. 6,306,943 are unenforceable.

### Jury Demand

Pursuant to Local Rule CV 38(a) and Fed.R.Civ.P. 38, defendant and counter-claimant PPG demands a trial by jury on all issues so triable in this action.

### REQUEST FOR RELIEF ON PLAINTIFF'S COMPLAINT

WHEREFORE, PPG asks this Court to enter judgment in PPG's favor and against Polymer Solvents by granting the following relief:

   (a) a dismissal of all claims in Plaintiff's Complaint against PPG with prejudice and a complete denial of Polymer Solvents' requests for damages, injunctive relief, costs, attorney fees, and any other form of relief;

   (b) a permanent injunction restraining Polymer Solvents and its respective, officers, partners, employees, agents, parents, subsidiaries, and affiliates, and any other persons acting on its behalf or in concert with, from charging or threatening, orally or in writing, that the '943 patent has been infringed by PPG under any subsection of 35 U.S.C. §271; and

   (c) an award to PPG of its reasonable attorneys' fees, costs, and all interest (including without limitation any attorney awards based upon 35 U.S.C. §285) and any such other and further relief as the Court finds just and proper.

**REQUEST FOR RELIEF ON PPG'S COUNTERCLAIMS**

WHEREFORE, PPG asks this Court to enter judgment in PPG's favor and against Polymer Solvents by granting the following relief;

(a) a declaration that PPG does not infringe and has not infringed any valid and enforceable claim of U.S. Pat. No. 6,306,943 under any subsection of 35 U.S.C. §271;

(b) a declaration that all claims of U.S. Pat. No. 6,306,943 are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112;

(c) a declaration that all claims of U.S. Pat. No. 6,306,943 are unenforceable;

(d) a permanent injunction restraining Polymer Solvents and its respective, officers, partners, employees, agents, parents, subsidiaries, and affiliates, and any other persons acting on its behalf or in concert with it, from suing or threatening to sue for infringement of U.S. Pat. No. 6,306,943 on the basis of the making, using, selling, offering for sale or importing of any PPG product; and

(e) an award to PPG of its reasonable attorneys' fees, costs, and all interest (including without limitation any attorney awards based upon 35 U.S.C. §285) and any such other and further relief as the Court finds just and proper.

Dated: April 3, 2007 	Respectfully submitted,

                PPG INDUSTRIES, INC.

By: _____
T. John Ward, Jr.
State Bar No. 00794818
Law Office of T. John Ward, Jr., P.C.
P.O. Box 1231
Longview, TX 75606-1231
Tel: (903) 757-6400
Fax: (903) 757-2323
jw@jwfirm.com

Thomas B. Walsh, IV
(Texas Bar No. 00785173)
LEAD ATTORNEY
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
Tel: (214) 747-5070
Fax: (214) 757-2091
txw@fr.com

Counsel for Defendant
PPG INDUSTRIES, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served by e-mail via the Eastern District of Texas ECF System to all counsel of record below on this 3rd day of April, 2007.

| | |
|---|---|
| Franklin Jones, Jr.<br>Jones & Jones<br>201 W. Houston Street<br>PO Drawer 1249<br>Marshall, TX  75671-1249 | Attorney for Polymer Solvents, LLC |
| Otis W. Carroll, Jr., Esq.<br>J. Wesley Hill, Esq.<br>Ireland, Carroll & Kelley, P.C.<br>6101 S. Broadway, Suite 500<br>P.O. Box 7879<br>Tyler, Texas  75703 | Attorney for Polymer Solvents, LLC |
| S. Calvin Capshaw<br>Elizabeth DeRieux<br>Andrew W. Spangler, Esq.<br>Brown McCarroll, LLP<br>1127 Judson Road, Suite 220<br>P.O. Box 3999<br>Longview, TX  75601-5157 | Attorney for Polymer Solvents, LLC |
| John T. Polasek, Esq.<br>C. Dale Quisenberry, Esq.<br>Polasek, Quisenberry & Errington, L.L.P.<br>6750 West Loop South, Suite 920<br>Bellaire, TX  77401 | Attorney for Polymer Solvents, LLC |
| Catherine Nyarady, Esq.<br>Paul, Weiss , Rifkind, Wharton & Garrison LLP<br>1285 Avenue of the Americas<br>New York, NY 10019-6064 | Attorney for Polymer Solvents, LLC |
| Robert Christopher Bunt, Esq.<br>Parker, Bunt & Ainsworth, P.C.<br>100 E. Ferguson, Suite 1114<br>Tyler, Texas 75702 | Attorney for Defendant<br>BASF corporation |

Kenneth A. Gallo, Esq.  Attorney for Defendant
Paul, Weiss, Rifkind, Wharton & Garrison  BASF Corporation
LLP
1615 L Street, NW
Suite 1300
Washington, DC  20036

_____
T. John Ward, Jr.

answerandcounterclaim (2) (2).doc