IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| POLYMER SOLVENTS, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PPG INDUSTRIES, INC. and BASF CORPORATION,<br><br>　　　　　Defendants. | Civil Action No.: 2-07-CV-049-DF<br>JURY |

**DEFENDANT BASF CORPORATION'S ANSWER AND COUNTERCLAIMS**

Defendant BASF Corporation ("BASF") files this Answer and Counterclaims in response to Polymer Solvents LLC's ("Polymer Solvents") Complaint and Demand For Jury Trial (hereinafter "the Complaint"):

**ORIGINAL ANSWER**

THE PARTIES

1.　　BASF is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint and accordingly these allegations are denied.

2.　　BASF is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint and accordingly these allegations are denied.

3.　　BASF admits that it is a corporation organized and existing under the laws of the state of Delaware with its headquarters in New Jersey, that it has designated its registered agent for service of process as CT Corporation System, 350 N. St. Paul Street,

Dallas, Texas 75201.  BASF denies all remaining allegations in paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4.      BASF admits only that the Complaint alleges patent infringement arising under the Patent Laws of the United States.  BASF denies all remaining allegations in paragraph 4 of the Complaint.

5.      BASF admits only that Polymer Solvents purports to invoke the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331 and 1338(a).  BASF denies all remaining allegations in paragraph 5 of the Complaint.

6.      BASF denies the allegations in paragraph 6 of the Complaint.

7.      BASF denies the allegations of paragraph 7 of the Complaint.

8.      For purposes of this action only, BASF does not contest that the Court has personal jurisdiction over it.  BASF denies all remaining allegations in paragraph 8 of the Complaint.

9.      For purposes of this action only, BASF does not contest that venue is proper in this judicial district.  BASF denies all remaining allegations in paragraph 9 of the Complaint.

## PATENT INFRINGMENT

10.     BASF admits that United States Patent No. 6,048,471 ("the '471 patent") issued on April 11, 2000, named Richard G. Henry as alleged inventor, is entitled "Zero Volatile Organic Compound Compositions Based Upon Organic Solvents which are Negligibly Reactive with Hydroxyl Radical and do not Contribute Appreciably to the

Formation of Ground Based Ozone," and that a copy of the '471 patent is attached to the Complaint as "Exhibit A." BASF denies all remaining allegations of Paragraph 10 of the Complaint, and in particular that the '471 patent was duly and legally issued.

11.     BASF admits that United States Patent No. 6,306,943 ("the '943 patent") issued on October 23, 2001, named Richard G. Henry as alleged inventor, is entitled "Zero Volatile Organic Solvent Compositions," and that a copy of the '943 patent is attached to the Complaint as "Exhibit B." BASF denies all remaining allegations of Paragraph 11 of the Complaint, and in particular that the '943 patent was duly and legally issued.

12.     BASF is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint and accordingly these allegations are denied.

13.     BASF denies the allegations of Paragraph 13 of the Complaint.

14.     BASF denies the allegations of Paragraph 14 of the Complaint.

15.     BASF denies the allegations of Paragraph 15 of the Complaint.

**PLAINTIFF'S PRAYER FOR RELIEF**

16.     BASF denies that Polymer Solvents is entitled to the relief requested or any other relief.

**FIRST AFFIRMATIVE DEFENSE –FAILURE TO STATE A CLAIM**

17.     Polymer Solvents has failed to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE – PATENT INVALIDITY**

18.     Each and every claim of the '471 patent is invalid under 35 U.S.C. §§ 101, 102, 103 and/or 112.

**THIRD AFFIRMATIVE DEFENSE – NONINFRINGEMENT**

19.     Polymer Solvents has failed to plead which, if any, BASF products are alleged to infringe the '471 patent.

20.     BASF has not infringed, contributorily infringed, or induced the infringement of any valid and enforceable claim of the '471 patent, either literally or under the doctrine of equivalents.

21.     BASF has not willfully infringed, contributorily infringed or induced the infringement of any valid and enforceable claim of the '471 patent, either literally or under the doctrine of equivalents.

**FOURTH AFFIRMATIVE DEFENSE – INEQUITABLE CONDUCT**

22.     On information and belief, all claims of the '471 patent are unenforceable as a matter of law because Polymer Solvents procured those patents by intentionally making affirmative misrepresentations and/or omissions to the United States Patent and Trademark Office (the "PTO").  Such intentional misrepresentations and/or omissions were material to patentability under 37 C.F.R. § 1.56.  The facts currently known on which BASF will rely in support of this defense are set forth with particularity at Paragraphs 13 to 26 of BASF's Counterclaims below.

**FIFTH AFFIRMATIVE DEFENSE – PROSECUTION HISTORY ESTOPPEL**

23.     Polymer Solvents' claims are barred in whole or in part due to prosecution history estoppel and/or prosecution history disclaimer.

## RIGHT TO ASSERT ADDITIONAL DEFENSES

BASF expressly reserves the right to assert and pursue additional defenses.

## BASF'S COUNTERCLAIMS

1. BASF is a corporation organized and existing under the laws of the state of Delaware, with its North American Regional Headquarters at 100 Campus Drive, Florham Park, New Jersey 07932. On information and belief, Plaintiff Polymer Solvents LLC is an Ohio corporation, having its principal place of business in Beachwood, Ohio.

2. These counterclaims are for declaratory judgment relief arising under 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, 35 U.S.C. § 101, et seq.

3. Subject matter jurisdiction is proper under 28 U.S.C. §§ 1331, 1338(a), and 1367.

4. Venue in this district is proper for BASF's counterclaims under 28 U.S.C. § 1391(b) and (c).

## COUNT I
## DECLARATORY JUDGMENT OF
## NONINFRINGEMENT OF THE '471 PATENT

5. BASF incorporates by reference the allegations made in its affirmative defenses and in Paragraphs 1-4 of BASF's Counterclaims above.

6. An actual controversy exists between BASF and Polymer Solvents over the alleged infringement of the '471 patent.

7.   BASF has not infringed, contributorily infringed, or induced the infringement of any valid and enforceable claim of the '471 patent, either literally or under the doctrine of equivalents.

8.   BASF has not willfully infringed, contributorily infringed, or induced the infringement of any valid and enforceable claim of the '471 patent, either literally or under the doctrine of equivalents.

9.   Polymer Solvents' claims that BASF has or is infringing, contributorily infringing or actively inducing the infringement of the '471 patent render this case exceptional within the meaning of 35 U.S.C. § 285, entitling BASF to recover its attorney's fees, costs and expenses incurred in defending against these claims.

**COUNT II**
**DECLARATORY JUDGMENT OF**
**INVALIDITY OF THE '471 PATENT**

10.   BASF incorporates by reference the allegations made in its affirmative defenses and in Paragraphs 1-9 of BASF's Counterclaims above.

11.   An actual controversy exists between BASF and Polymer Solvents over the invalidity of the '471 patent.

12.   All claims of the '471 patent are invalid in light of the failure to comply with one or more requirements of 35 U.S.C. §§ 101, 102, 103 and/or 112.

**COUNT III**
**DECLARATORY JUDGMENT OF**
**UNENFORCEABILITY OF THE '471 PATENT**

13. BASF incorporates by reference the allegations made in its affirmative defenses and in Paragraphs 1-12 of BASF's Counterclaims above.

14. An actual controversy exists between BASF and Polymer Solvents over the unenforceability of the '471 patent.

15. On information and belief, all claims of the '471 patent are unenforceable as a matter of law because Polymer Solvents procured those patents by intentionally making affirmative misrepresentations and/or omissions and failing to cite relevant regulations to the United States Patent and Trademark Office (the "PTO"). Such intentional misrepresentations and/or omissions were material to patentability under 37 C.F.R. § 1.56. The misrepresentations and/or omissions known to BASF as of the date of this Answer and Counterclaims are set forth below in Paragraphs 16-26 of this Count III. BASF's investigations into Polymer Solvents' conduct are ongoing, and BASF expressly reserves the right to assert and pursue additional misrepresentations and/or omissions made by Polymer Solvents during prosecution of the '471 patent.

16. Polymer Solvents misrepresented the teachings of United States Patent No. 3,773,676 to Boyles (the "Boyles '676 patent") to the PTO. In the application on which the '471 patent issued, Polymer Solvents filed, on April 22, 1999, an Amendment and Response Under 37 C.F.R. § 1.115. In this Amendment and Response, Polymer Solvents told the PTO that the Boyles '676 patent does not anticipate original claim 25 of the application on which the '471 patent issued.

17. Polymer Solvents' statements and conduct during the prosecution of the '471 patent regarding the teachings of the Boyles '676 patent constitute affirmative misrepresentations to the PTO.

18. On information and belief Polymer Solvents' affirmative misrepresentations regarding the teachings of the Boyles '676 patent were intentional and material to the patentability of the '471 patent.

19. The PTO relied on Polymer Solvents' affirmative misrepresentations regarding the teachings of the Boyles '676 patent in granting the '471 patent.

20. Polymer Solvents misrepresented the teachings of United States Patent No. 3,950,185 to Toyama (the "Toyama '185 patent") to the PTO. In the application on which the '471 patent issued, Polymer Solvents filed, on April 22, 1999, an Amendment and Response Under 37 C.F.R. § 1.115. In this Amendment and Response, Polymer Solvents told the PTO that the Toyama '185 patent does not render obvious original claims 1-5, 7, 8, 19 and 20 of the application on which the '471 patent issued.

21. Polymer Solvents' statements and conduct during the prosecution of the '471 patent regarding the teachings of the Toyama '185 patent constitute affirmative misrepresentations to the PTO.

22. On information and belief Polymer Solvents' affirmative misrepresentations regarding the teachings of the Toyama '185 patent were intentional and material to the patentability of the '471 patent.

23. The PTO relied on Polymer Solvents' affirmative misrepresentations regarding the teachings of the Toyama '185 patent in granting the '471 patent.

24. On information and belief Polymer Solvents was aware of regulatory materials, including from the United States Environmental Protection Agency ("EPA"), including at least 40 C.F.R. § 51.100, that were material to the patentability of the '471 patent. In violation of the duty of candor and good faith in dealing with the PTO, Polymer Solvents failed to disclose to the PTO these regulations that were material to the patentability of the '471 patent.

25. On information and belief Polymer Solvents' failure to disclose to the PTO these regulations that were material to the patentability of the '471 patent was intentional and in bad faith.

26. The '471 patent is unenforceable in light of the failure to comply with the duty of candor and good faith in dealing with the PTO.

## PRAYER FOR RELIEF

For the reasons set forth above, BASF prays for the Court's judgment that:

a) the '471 patent is invalid and unenforceable and each claim of the '471 patent is invalid and unenforceable;

b) BASF has not infringed, contributorily infringed, or induced the infringement of any claim of the '471 patent;

c) Plaintiff's Complaint be dismissed with prejudice;

d) Plaintiffs take nothing by reason of its claims against BASF;

e) this case is exceptional and entitles BASF to an award of its costs, expenses and attorneys' fees under 35 U.S.C. § 285; and

f) BASF is awarded any and all pre-judgment and post-judgment interest to which it is entitled; and

      g) BASF be granted such other and further relief at law or equity be granted to BASF as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

BASF demands trial by jury on all counterclaims and issues triable by jury.

Dated: April 4, 2007

                Respectfully submitted,

                By: */s/ Nicholas H. Patton*
                    Nicholas H. Patton
                    Patton, Tidwell & Schroeder LLP
                    4605 Texas Boulevard
                    Texarkana, Texas 75503
                    Telephone: (903) 792-7080
                    Facsimile: (903) 792-8233

                    Kenneth A. Gallo
                    Catherine Nyarady
                    Kripa Raman
                    Paul, Weiss, Rifkind, Wharton & Garrison LLP
                    1285 Avenue of the Americas
                    New York, New York 10019-6064
                    Telephone: (212) 373-3000
                    Facsimile: (212) 757-3990

                    *Attorneys for Defendant,*
                    *BASF Corporation*

## **CERTIFICATE OF SERVICE**

     I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 4th day of April, 2007.

                                                */s/ Nicholas H. Patton*
                                                Nicholas H. Patton